**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL NO. 5:10CV14-RLV-DSC**

| | |
|---|---|
| **CHERYL B. CARTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| **MCCREARY MODERN, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel Discovery" (document #22) and "Plaintiff's Memorandum in Support of Motion to Compel Discovery"(document #23) both filed October 5, 2010, and "Defendant's Amended Response in Opposition to Plaintiff's Motion to Compel Discovery" (document #25) filed October 26, 2010. On November 5, 2010, Plaintiff filed "Plaintiff's Reply in Further Support of Motion to Compel Discovery" (document # 26).

The instant Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the Court will <u>deny</u> Plaintiff's Motion to Compel Discovery with respect to Plaintiff's First Request for Production of Documents, Request No. 13 ("Request No. 13"); the Court will <u>grant</u> Plaintiff's Motion to Compel Discovery with respect to Plaintiff's Second Request for Production of Documents, Request No. 16 ("Request No. 16"), provided that the District Judge rules that Plaintiff's claim for punitive damages under the Americans with Disabilities Act ("ADA") survives

Defendant's pending Motion for Summary Judgment (document #12); and the Court will <u>deny</u> Plaintiff's request for attorneys fees and costs, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff filed this lawsuit alleging that Defendant, a furniture manufacturer, denied her a job as a hand-mark cutter in violation of the ADA and North Carolina public policy.

Plaintiff served her First Set of Interrogatories and Requests for Production of Documents on March 15, 2010. Defendant served responses to this first round of written discovery on April 6, 2010. In connection with Request No. 13, Defendant objected to the production of "all documents pertaining to the application of each individual whom Janet Greer refused to recommend for employment with Defendant during 2006, 2007, 2008, 2009 and 2010" to the "extent it calls for the disclosure of protected healthcare information or other confidential information." Defendant provided Plaintiff with a redacted document listing the applicants seen by Janet Greer between 2006 and 2010, including the position applied for and date and result of the application, and indicating which applicants she declined to recommend without identifying any of them by name.

Plaintiff served a second round of written discovery on March 31, 2010. Defendant served timely responses to Plaintiff's discovery. In connection with Request No. 16, Defendant objected to the production of "all documents pertaining to Defendant's financial viability, including but not limited to, copies of federal income tax returns, profits and loss statements, and banking statements for the years 2007 through the current date, as well as copies of any financial disclosure statements required by any financial institution from which Defendant has sought any loans during the same period" on the basis of relevance and because the request seeks disclosure of confidential, proprietary and trade secret information.

After negotiations between counsel for the parties, Defendant and Plaintiff agreed that

Defendant would produce the documents associated with Request No. 13 pursuant to a consent protective order. However, negotiations over the specific terms of the consent protective order reached an impasse. Defendant contends that during these negotiations, Plaintiff informed Defendant that she planned to contact and interview the denied applicants. Because Defendant believes this would be a violation of HIPAA and the applicants' state-law privilege, it refused to consent to the protective order.

On October 5, 2010, Plaintiff filed the instant Motion requesting that the Court enter an order compelling Defendant to produce documents responsive to Request No. 13 and Request No. 16. Plaintiff further requests that the Court enter an order directing Defendant to pay Plaintiff's reasonable fees, including attorneys' fees, incurred in connection with the filing of the instant Motion.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann

v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

With regard to Request No. 13, Plaintiff seeks to compel production of documents pertaining to other applicants who were rejected for employment by Defendant due to alleged medical reasons. Plaintiff argues that Defendant's pre-employment policy which screens out, or tends to screen out, qualified persons with disabilities is highly relevant to the issues before the Court. Plaintiff argues that she should be able to substantiate her claim that Defendant failed to perform an individualized assessment of applicants' impairments prior to rejecting their applications for employment. However, Plaintiff's claim is based on Defendant's refusal to hire her in violation of the ADA and North Carolina public policy. Plaintiff does not assert any injury as a result of the application of Defendant's pre-employment policy to anyone else. Consequently, the Court finds that other applicants' healthcare information is not "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. Pro. 26(b)(1). Furthermore, the Court agrees with Defendant that this request is a "fishing expedition" by Plaintiff to delve into the medical histories of numerous prior applicants, none of whom are complaining about the denial of their applications and none of whom have placed their medical histories at issue in this case.

Defendant also argues that the other applicants' healthcare information is privileged under HIPAA and North Carolina law. However, both HIPAA and North Carolina law permit the Court to order disclosure of patient healthcare information to the extent it is relevant and for the proper administration of justice. See 45 C.F.R. § 164.512(a) and (e); N.C. Gen. Stat.§ 8-53. As noted above, the Court does not find that other applicants' healthcare information is relevant to Plaintiff's claims and will not order that this information be disclosed. Therefore, the Court denies Plaintiff's

Motion to Compel Discovery with regard to Request No. 13.

With regard to Request No. 16, Plaintiff seeks Defendant's financial information in order to support her claim for punitive damages. Plaintiff and Defendant agree that this information is discoverable if Plaintiff's claim for punitive damages survives Defendant's pending Motion for Summary Judgment (document #12). Therefore, the Court <u>grants</u> Plaintiff's Motion to Compel Discovery with regard to Request No. 16, provided that the District Judge rules that Plaintiff's claim for punitive damages survives Defendant's pending Motion for Summary Judgment (document #12)**.**

With regard to Plaintiff's request for attorneys' fees and costs incurred in connection with the instant Motion, the Court <u>denies</u> Plaintiff's Motion.

### III. <u>ORDER</u>

**NOW THEREFORE, IT IS ORDERED**:

1. "Plaintiff's Motion to Compel Discovery" (document #22) is **DENIED** with respect to Request No. 13 and **GRANTED** with respect to Request No. 16, provided that the District Judge rules that Plaintiff's claim for punitive damages survives Defendant's pending Motion for Summary Judgment (document #12)**. If Plaintiff's claim for punitive damages survives Defendant's pending Motion for Summary Judgment, Defendant is required to produce the requested financial information within fourteen (14) days of the District Judge's order.**

2. The parties shall bear their own costs.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties, <u>and to the Honorable Richard L. Voorhees.</u>

**SO ORDERED.**

Signed: November 10, 2010

David S. Cayer
United States Magistrate Judge