IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CV-00014-RLV-DSC

| | |
|---|---|
| CHERYL B. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| McCREARY MODERN, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Award of Costs and Expenses Including Attorney's Fees. (Doc. 34.)

Plaintiff Carter filed this lawsuit under the Americans with Disabilities Act of 1990, claiming Defendant regarded her as an individual with a disability as that term is defined by the ADA and consequently refused her employment. The parties filed cross-motions for summary judgment, and this Court granted Defendant's Motion while denying Plaintiff's. (Doc. 31.) Defendant then moved for attorney's fees of $49,983.35, and costs of $2,313.25, in satisfaction of Federal Rule of Civil Procedure 54(d).

Plaintiff, however, asserts that Defendant's Motion should be summarily denied, arguing (1) that her claim of unlawful discrimination was not totally unfounded, frivolous, or otherwise unreasonable; (2) that Defendant failed to support its fee petition with any information by which the Court could affix a lodestar amount; and (3) Defendant's Motion was not accompanied by a memorandum of law and is thus "subject to summary denial" per the Pretrial Order and Case Management Plan. (Doc. 44.)

The ADA provides that "[i]n any action or administrative proceeding commenced

1

pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. However, the Supreme Court's *Christiansburg* standard for awarding prevailing party fees under Title VII is to be applied in assessing attorney's fees under the ADA. *See, e.g.*, *Bruce v. City of Gainesville*, 177 F.3d 949, 951 (11th Cir. 1999). Although Defendant here "prevailed," to safeguard Congress's efforts to promote vigorous enforcement of these employment discrimination statutes, Plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978).

Here, Defendant's Motion for Summary Judgment has been granted for the reasons stated in the Court's Order dated August 8, 2011. As no reasonable finder of fact could have returned a verdict for Plaintiff, Plaintiff's lawsuit was, at least at the close of discovery, "unreasonable," and Defendant is therefore entitled to some measure of attorney's fees. However, the Court does not find Plaintiff's Complaint to have been frivolous when filed. Therefore, pursuant to the Court's authority under Federal Rule of Civil Procedure 54(d), Defendant shall be given leave to resubmit its motion for attorney's fees and related nontaxable expenses, wherein Defendant is to identify those expenses incurred after discovery had been substantially completed and it had become clear that Plaintiff's claim was unreasonable.

Additionally, Defendant is entitled to costs in the amount of $1863.60, which includes the $1,665.75 identified in the Bill of Costs plus the $197.85 identified in Exhibit C. In its motion for fees, Defendant may take the opportunity to explain why it seeks an additional $449.65 in costs.

In contrast with Plaintiff's assertion, Defendant's itemized submission of hours expended and corresponding hourly rates, as opposed to an explicit calculation of a "lodestar" amount, provides sufficient information to allow this Court to conduct a meaningful review. Furthermore, a motion for attorney's fees does not require extensive legal argument under these circumstances.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Award of Costs and Expenses Including Attorney's Fees be **GRANTED** in part and **DENIED** in part. (Doc. 34.) Defendant is to be awarded costs in the amount of $1863.60. Furthermore, Defendant is hereby given fourteen days from the date this Order is filed to submit a revised motion for attorney's fees and related nontaxable expenses.

Signed: March 30, 2012

Richard L. Voorhees
United States District Judge